NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD ASBELL,

    Plaintiff,

v.

INTEGRA LIFESCIENCES HOLDINGS CORP.
And INTEGRA LIFESCIENCES CORP.,

    Defendants.

Civil Action No. 14-677 (JAP)

OPINION

PISANO, District Judge

    Presently before the Court is Defendants, Integra Lifesciences Holdings Corp. and Integra Lifesciences Corp.'s (collectively "Defendant" or "Integra") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) [docket #5].  Plaintiff, Richard Asbell ("Plaintiff") opposes this motion [docket #8].  The Court decides this motion based on the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

    For the reasons stated below, this Court GRANTS Defendant's motion to dismiss [docket #5].

**I.    BACKGROUND**

    Plaintiff's Complaint consists of two (2) causes of action against Defendant pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*. ("NJLAD") related to a previous employment relationship.  The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

1

In August 2005, Plaintiff was hired by Defendant as a worldwide corporate sales trainer. See Complaint ("Compl."), at ¶ 18. In January 2007, Plaintiff was promoted to the midsouth regional business manager position in Defendant's neurosurgery division. Compl., at ¶ 19. Plaintiff consistently performed his job in a highly competent manner, yet on April 23, 2013, Defendant informed Plaintiff that he was being terminated, effective immediately. Compl., at ¶¶ 20-21. When Plaintiff asked Defendant why he was being terminated, he was told that it was due to his performance in 2012. Compl., at ¶ 22. Plaintiff had not been disciplined regarding any performance related issues prior to his termination. Compl., at ¶ 23.

Plaintiff alleges that his termination was based on his age, as he was the oldest employee in his position and the only one that was terminated. Compl., at ¶ 24. Plaintiff claims that evidence of Defendant's bias includes: the fact that he was replaced by an individual who was substantially younger than he is; Defendant failed to select older employees for open positions for which they were qualified; Defendant selected younger employees for open positions over older, more qualified employees; Defendant would promote or transfer younger employees with documented or known performance issues, while terminating older employees for the same; and that Plaintiff was a more skilled, experienced and better performing employee than younger employees who were retained. Compl., at ¶¶ 25(a)-(g). Plaintiff asserts that Defendant's reason for termination was pretextual and that the decision was motivated by Plaintiff's age. As such, Plaintiff has allegedly incurred a loss of earnings or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, which form the basis of his claims. Compl., at ¶ 28.

## II.   DISCUSSION

### a.   Legal Standard

Defendant alleges that, because the "Confidentiality, Invention Disclosure and Non-Compete Agreement" ("the agreement" or "the contract"), which Plaintiff executed, contained an arbitration clause governed by the Federal Arbitration Act ("FAA"), the Court does not have subject matter jurisdiction over the dispute. In order to determine whether a controversy must be submitted to arbitration pursuant to the FAA, the Court must make two findings: (1) whether a valid agreement to arbitrate exists; and (2) whether the particular dispute falls within the scope of that agreement. *Trippe Mfg. Co. v. Niles Audio Corp.,* 401 F.3d 529, 532 (3d Cir.2005).

Further, "[a] motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Courts may use Rule 12(b)(1) to decide whether to dismiss a suit by virtue of an arbitration agreement between the parties." *Daly v. Norfolk S. R. Co.*, No. CIV. 09-4609 WJM, 2011 WL 2559533, at *1 (D.N.J. June 27, 2011) (citing *Hemberger v. E*Trade Fin. Corp.,* Civ. No. 07–1621, 2007 U.S. Dist. LEXIS 85702, at *7–*8, 2007 WL 4166012 (D.N.J. Nov. 19, 2007) ("A valid and enforceable arbitration agreement will divest the court of subject matter jurisdiction over the arbitrable disputes." (citing 9 U.S.C. § 2)); *Norben Imp. Corp. v. Metro. Plant & Flower Corp.,* Civ. No. 05–54, 2005 U.S. Dist. LEXIS 34386, at *27, 2005 WL 1677479 (D.N.J. Jul. 15, 2005) ("[A]n arbitration defense challenges the court's subject matter jurisdiction over the case and is properly raised in a Rule 12(b)(1) motion."); *Thompson v. Nienaber,* 239 F.Supp.2d 478, 481 (D.N.J.2002)).

"'When considering a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the court must accept as true all material allegations of the complaint and construe that complaint in favor of the non-moving party.'" *Id*. at *2 (quoting *Thompson,* 239 F.Supp.2d at 481 (citing *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975))). "Moreover, if a factual question pertaining to jurisdiction exists, the court may examine

facts and evidence outside of the pleadings to assure itself of its authority to hear the case." *Id.* (citing *Robinson v. Dalton,* 107 F.3d 1018, 1021 (3d Cir.1997); *see also Thompson,* 239 F.Supp.2d at 482 (noting that the court may "find facts based on affidavits or materials submitted to" it)).

  **b.**  **Analysis**

    a. **Validity of Arbitration Clause**

The agreement between the parties contains an arbitration clause which states ". . . I agree that any dispute or controversy arising out of my employment or this Agreement, or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by an expedited arbitration to be held in Middlesex County, New Jersey, in accordance with the National Rules of the American Arbitration Association (then in effect) governing employment disputes . . ." See Certification of Wayne E. Pinkstone ("Pinkstone Cert."), at Ex. B, ¶ 4. To determine whether the parties agreed to arbitrate, ordinary state-law principles of contracts apply. *Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 160 (3d Cir.2009). "Thus, generally applicable contract defenses may be applied to invalidate arbitration agreements without contravening the FAA." *Harris v. Green Tree Fin. Corp.,* 183 F.3d 173, 179 (3d Cir.1999).

Defendant argues that the binding arbitration clause is a clear and unambiguous agreement to submit any employment disputes, including those surrounding termination, to arbitration. Plaintiff, on the other hand, argues that the provision is not valid because: (1) Defendant waived its right to arbitration; (2) the agreement is not enforceable because the Defendant tried to hide the arbitration provision; and (3) the agreement at issue is unconscionable and should not be enforced. Plaintiff does not cite any law in support of his first two (2) contentions, and, even taking these arguments as true, the Court is not convinced that either theory renders the arbitration clause invalid.

Plaintiff asserts that Defendant waived its right to arbitration because the agreement contains a provision indicating that the company "reserves the right, in its sole discretion, to waive any term or provision of th[e] agreement . . ." Therefore, Plaintiff argues that, because Defendant reserves the right to unilaterally waive the arbitration provision, Plaintiff cannot be held to the same.  Importantly, however, "[w]hen both parties have agreed to be bound by arbitration, adequate consideration exists and the arbitration agreement should be enforced." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603-04 (3d Cir. 2002) (citing *Michalski v. Circuit City Stores, Inc.,* 177 F.3d 634, 637 (7th Cir.1999); *Johnson v. Circuit City Stores, Inc.,* 148 F.3d 373, 378 (4th Cir.1998)).  As such, "a contract need not have mutuality of obligation as long as the contract is supported by consideration." *Id*. at 604 (citing *Harris v. Green Tree Fin. Corp.,* 183 F.3d 173, 180 (3d Cir.1999) (finding contract enforceable where one party had option to litigate arbitral issues in court, while the other party was required to invoke arbitration, because mutuality is not required where the requirement of consideration is met)).

Moreover, Plaintiff asserts that the agreement cannot be enforced because the arbitration clause is allegedly hidden, but does not address how or why this would render the agreement as a whole unenforceable.  Plaintiff's argument is premised on the fact that the title of the agreement – "Confidentiality, Invention Disclosure and Non-Compete Agreement" – does not reference the word "arbitration" and as such, it is hidden in the contract.  As an initial matter, merely because the word arbitration does not appear in the title of the document does not mean that the clause is therefore hidden.  Indeed, the arbitration clause is set out in a separate paragraph, underlined, and reads "<u>Arbitration and Equitable Relief</u>."  Further, the Court is unaware of, and Plaintiff does not cite to any law, that requires the arbitration provision to be a separate freestanding document.

5

Last, Plaintiff argues that the arbitration agreement is unconscionable. The FAA "permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.' This saving clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as . . . unconscionability.'" *Morando v. NetWrix Corp.*, No. CIV.A. 11-5075 SDW, 2012 WL 1440229, at *3 (D.N.J. Apr. 24, 2012) (citing *AT & T Mobility LLC v. Concepcion,* –– U.S. ––, ––, 131 S.Ct. 1740, 1746, 179 L.Ed.2d 742 (2011) (quoting *Doctor's Assoc. Inc. v. Casarotto,* 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996)). "For an agreement to be unconscionable, it must be found to be both procedurally and substantively unconscionable." *Id*. (citing *Antkowiak v. Taxmasters*, No. 11-1882, 2011 WL 6425567, at *2 (3d Cir. Dec. 22, 2011).

Plaintiff asserts that the arbitration clause is unconscionable because: (1) it states that Plaintiff will be subject to an "expedited arbitration" but does not explain what that means; (2) the agreement provides that the proper venue will be in the District of New Jersey; and (3) the agreement fails to set forth how the arbitration fees will be split among the parties. Plaintiff asserts that because Defendant does not explicitly define what "expedited arbitration" means, there is a bargaining disparity because one party knows more than another. Contrary to Plaintiff's assertions, however, the agreement states that the arbitration will be governed by the rules of the American Arbitration Association ("AAA") applicable to employment disputes and, a review of these rules reveals guidance on how evidence will be extracted and fees paid. As such, no bargaining disparity between the parties existed as both Plaintiff and Defendant were equally subject to AAA's rules. Last, the Court disagrees with Plaintiff's contention that the agreement contains an inherent jurisdictional conflict rendering the arbitration clause unconscionable because it states that venue is in the District of New Jersey. As an initial matter, the agreement specifically

6

provides Defendant with the right to sue for injunctive relief and there is nothing unconscionable in specifying the appropriate jurisdiction for seeking such relief. Additionally, Plaintiff fails to demonstrate how this purported inconsistency reaches to the level of "patent unfairness" necessary to shock the Court's conscience and declare the agreement void. As such, the Court finds that the contract is not unconscionable, and that the arbitration agreement is enforceable against Plaintiff.[1]

### III.     CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's motion to dismiss [docket #5]. An appropriate Order accompanies this Opinion.


Dated: December 10, 2014                              /s/ Joel A. Pisano
                                                      JOEL A. PISANO, U.S.D.J.

---

[1] While the parties' dispute primarily centers on whether the arbitration agreement is valid, Courts must also determine whether the particular matter falls within the scope of the agreement in order to determine whether the controversy should be submitted to arbitration. See *Trippe Mfg. Co. v. Niles Audio Corp.,* 401 F.3d 529, 532 (3d Cir.2005). As stated above, the parties' agreement contained an arbitration clause which states that "[Plaintiff] agree[s] that any dispute or controversy arising out of my employment or this Agreement, or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by an expedited arbitration . . ." Pinkstone Cert.", at Ex. B, ¶ 4. Given that the clause pertains to *any* dispute arising out of Plaintiff's employment, Plaintiff's discrimination claims here certainly fall within the scope of this agreement.